IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE FARM FIRE & CASUALTY COMPANY;
TROY R. BLAKEY,

                Plaintiff,                              Order

     v.                                                       08-cv-605-slc

WHIRLPOOL CORPORATION,
                Defendant.

---

      Plaintiff State Farm Fire and Casualty Co. brought suit against defendant Whirlpool Corporation for products liability in the Circuit Court of Jefferson County, Wisconsin. On October 10, 2008, defendant filed a notice of removal in this court pursuant to 28 U.S.C. § 1441(a)(1). The sole basis for jurisdiction in this case is 28 U.S.C. § 1332, which requires diversity of citizenship and the amount in controversy to exceed $75,000.

      No motion has been filed raising the issue of jurisdiction, but federal courts have an independent obligation to ensure that subject matter jurisdiction is present, *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1237 (2006), so I cannot ignore it. Although the parties have declined to consent to magistrate judge jurisdiction, a decision on whether the jurisdictional requirements of § 1332(a) are met is susceptible to direct decision by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A); therefore, there is no need for a report and recommendation.

      Jurisdiction in removal cases is determined by "looking at the plaintiff's state court

1

complaint, along with the record as a whole." Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993).  Plaintiff's complaint states that: (1) plaintiff State farm is a "foreign corporation with main office located in . . . Illinois" and "is generally engaged in the insurance business"; (2) plaintiff Troy R. Blakey is resident of Wisconsin; and (3) defendant Whirlpool "is a foreign corporation with main office in . . . Delaware." In addition, defendant's notice of removal states that plaintiffs are citizens of Wisconsin and Illinois and defendant is a citizen of Delaware. However, these facts are not enough to establish the parties' citizenship.

      The citizenship of a corporation is determined by the principal place of business *and* the state of incorporation. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 740-43 (7th Cir. 2004). An individual's citizenship is determined by his domicile, which is where he intends to live for the foreseeable future. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The court of appeals has repeatedly chastised (and sanctioned) litigants in published opinions for similar deficiencies while lamenting the parties' "insouciance regarding the existence of federal jurisdiction." *May Dept. Stores Co. v. Federal Insurance Co.*, 305 F.3d 597, 598 (7th Cir. 2002). *See also Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006) (calling it "malpractice" to fail to set forth inadequate jurisdictional statement); *BondPro Corp. v. Siemens Power Generation Corp.*, 466 F.3d 562 (7th Cir. 2006) (sanctioning lawyers $1000 for inadequate jurisdictional statement); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003).

      Because I believe these geographical deficiencies in the pleadings likely are remediable,

I will give defendant an opportunity to cure these deficiencies. As the proponent of jurisdiction, it is defendant's burden to show that the requirements of § 1332 are met. <u>Chase v. Shop n' Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met.").

Accordingly, IT IS ORDERED that defendant may have until November 3, 2008, to supplement its notice of removal with facts showing that the parties are of diverse citizenship. If it fails to do so, then I will dismiss the case for lack of subject matter jurisdiction.

Entered this 27th day of October, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge